UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TAMMY E. COLSTON | * | CIVIL ACTION NO.: |
| | * | JUDGE: |
| VERSUS | | |
| | * | MAG. JUDGE: |
| MATTRESS DIRECT OF NEW ORLEANS, INC. | * | JURY TRIAL REQUESTED |

COMPLAINT FOR DAMAGES

NOW COMES Plaintiff, Tammy E. Colston, a person of the full age of majority and a resident of St. Tammany Parish, State of Louisiana, who, as her Complaint for Damages, respectfully represents:

1.

This Honorable Court has jurisdiction over this matter pursuant to 28 USC 1331 whereas this action arises under the laws of the United States. This Honorable Court has jurisdiction over any asserted state-law claims pursuant to 28 USC 1367(a).

2.

Venue is proper within this Judicial District pursuant to 28 USC 1391(b)(2) whereas this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

3.

Made Defendant herein is Mattress Direct of New Orleans, Inc., a Louisiana corporation doing business within the jurisdiction of this Honorable Court.

4.

Plaintiff, age 48, was originally employed by Defendant on March 20, 2015 as a sales representative at their Slidell, LA store.

5.

On June 27, 2016, Plaintiff injured her shoulder while breaking down a mattress frame and informed Defendant the following day after the pain failed to subside.

6.

Plaintiff underwent shoulder surgery in December 2016. Throughout her leave following her work-accident, Plaintiff's regional sales manager continuously texted her about her return date and pressured her to return despite being on leave. At one point, he tried to pressure her into attending a regional sales meeting for which she would get paid despite her concern that that would be "double dipping" because she was also being paid by Defendant's workers' compensation carrier.

7.

During a meeting with a company owner on or about February 9, 2017, the owner refused to accept a lite-duty release from Plaintiff's physician and scolded her for not having more specifics in the release written by her doctor.

8.

In late June 2017, feeling the pressures of her work-injury, concerned about her work-status and uncertainty about her future at the company, Plaintiff was committed to a mental facility in Lake Charles, LA. She notified a trainer who worked with her team leader via text on

June 26, 2017 that she was in the hospital. On June 28, 2017, Plaintiff's daughter contacted Plaintiff's team leader to let him know that her mother had been hospitalized.

9.

After being released on July 5, 2017, Plaintiff provided the Defendant with a work excuse from the psychiatric facility confirming that she had been in their care.

10.

On July 9, 2017, Plaintiff texted and left a voicemail for her team leader to let him know that she had been released from the hospital.

11.

On July 13, 2017, Plaintiff met with a company owner who refused to allow her to return as a manager but offered her a lesser position. Contrary to and her and her daughter's efforts to keep Defendant advised of her status, Plaintiff was formerly terminated as of July 12, 2017 due to alleged job abandonment.

12.

Plaintiff believes and therefore asserts that Defendant was pressuring her to quit in retaliation for her work-accident and in retaliation for her need to take time-off due to her work-injury and mental condition and in order to give her job to someone else, specifically a male employee.

13.

Plaintiff asserts that she was wrongfully terminated contrary to her rights under Title VII, ADA and/or the Rehabilitation Act and contrary to her rights pursuant to the Family and Medical Leave Act.

---

*Tammy E. Colston v. Mattress Direct of New Orleans, Inc.*
USDC EDLA No. _____

14

On April 27, 2018, the Equal Employment Opportunity Commission issued Plaintiff a "right to sue" letter after receiving the allegations set forth above.

15.

By letter dated May 4, 2018, Plaintiff made Defendant aware of her allegations and did so more than 30 days prior to filing this suit. No response was received from Defendant.

16.

Plaintiff brings her claims pursuant to:

A. Title VII of the Civil Rights Act of 1964;

B. The Americans With Disabilities Act, 42 USC 12101 et seq.;

C. The Rehabilitation Act, 29 USC 701 et seq.;

D. The Family and Medical Leave Act, 29 USC 28 et seq.;

E. The Louisiana Employment Discrimination Act, LSA-R.S. 23:301 et seq.;

F. The Louisiana Civil Rights Act for Handicap Persons, LSA-R.S. 46:2251 et seq.;

G. LSA-R.S. 23:1361;

H. Intentional and/or negligent infliction of emotional distress;

I. LSA-C.C. art. 2315.1; and

J. Other basis or grounds of recovery to be shown at the trial of this matter.

17.

Plaintiff seeks all damages to which she may be entitled, including:

A. Back pay;

B. Front pay;

C. Punitive damages;

D. Damages for emotional and mental stress, past and future;

E. Damages to reputation and ability to earn;

F. Attorney's fees;

G. Cost; and

H. Other basis or forms of damages to be shown at the trial of this matter.

18.

Plaintiff seeks a trial by jury as to all matters triable to a jury.

19.

Plaintiff reserves the right to supplement and amend this Complaint.

WHEREFORE, Plaintiff, Tammy E. Colston, respectfully prays that Defendant, Mattress Direct of New Orleans, Inc., be served with copy of the foregoing and made to answer same, and that after all legal delays and due proceedings had, there be judgment in favor of Plaintiff and against Defendant for all damages as prayed for with legal interest from the date of judicial demand until paid in full and for all other and further relief to which Plaintiff may be entitled in law and/or equity.

---

*Tammy E. Colston v. Mattress Direct of New Orleans, Inc.*
USDC EDLA No. _____

Respectfully submitted:

/s/ Rusty Savoie_____
RUSTY SAVOIE (LSBA #25238)
A Professional Limited Liability Company
112 Innwood Dr., Suite F
Covington, Louisiana 70433
Telephone: (985) 898-3434
Facsimile: (985) 898-3599
Email: rusty@savoielaw.com
*Attorney for Plaintiff, Tammy E. Colston*

---

*Tammy E. Colston v. Mattress Direct of New Orleans, Inc.*
USDC EDLA No. _____