## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TAMMY E. COLSTON**                                    **CIVIL ACTION**

**VERSUS**                                                      **NO: 18-6277**

**MATTRESS DIRECT OF**
**NEW ORLEANS, INC.**                               **SECTION: "H"(1)**

### ORDER AND REASONS

Before the Court is Defendants' Motion to Compel Arbitration and to Dismiss, or Alternatively, to Stay Litigation Pending Arbitration (Doc. 8). For the following reasons, the Motion to Compel Arbitration is GRANTED, and the case is STAYED and ADMINISTRATIVELY CLOSED.

### BACKGROUND

Plaintiff Tammy Colston brings this action against her former employer, Mattress Direct of New Orleans, Inc., alleging that the company wrongfully terminated her on July 12, 2017 contrary to her rights under Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Rehabilitation Act, the Family and Medical Leave Act, and state law.

On April 27, 2018, the Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a "right to sue" letter after receiving Plaintiff's complaint. Plaintiff forwarded a copy of the letter and her complaint to counsel

for Defendant on May 4, 2018. Plaintiff filed this action on June 27, 2018, and Defendant was served on July 30, 2018.

On September 6, 2018, Defendant requested that the matter be arbitrated and filed the instant motion to compel arbitration shortly thereafter. Defendant asserts that Plaintiff's employment agreement contains a binding arbitration clause and asks that this Court compel arbitration and stay or dismiss this matter. Plaintiff opposes this Motion, arguing that Defendant's request for arbitration is untimely.

## LEGAL STANDARD

The question of arbitrability is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., which broadly applies to any written provision in "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction."[1] A two-step analysis governs whether parties should be compelled to arbitrate a dispute.[2] The Court must first determine whether the parties agreed to arbitrate the dispute.[3] This determination involves two separate inquiries: (1) whether there is a valid agreement to arbitrate between the parties, and, if so, (2) whether the dispute in question falls within the scope of that agreement.[4] Both inquiries are generally guided by ordinary principles of state contract law.[5] The strong federal policy favoring arbitration applies "when addressing ambiguities regarding whether a question falls within an arbitration agreement's scope," but it does not apply "when determining

---

[1] Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983).
[2] JP Morgan Chase & Co. v. Conegie *ex rel.* Lee, 492 F.3d 596, 598 (5th Cir. 2007).
[3] Banc One Acceptance Corp. v. Hill, 367 F.3d 426, 429 (5th Cir. 2004).
[4] Sherer v. Green Tree Servicing LLC, 548 F.3d 379, 381 (5th Cir. 2008).
[5] *See* First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995).

whether a valid agreement exists."[6] If the Court finds the parties agreed to arbitrate, it must then proceed to the second step of the analysis and consider whether any federal statute or policy renders the claims non-arbitratable.[7] "However, if the parties have clearly and unmistakably agreed to arbitrate arbitrability, certain threshold questions—such as whether a particular claim is subject to arbitration—are for the arbitrator, and not a court, to decide."[8]

## LAW AND ANALYSIS

Defendant argues that pursuant to Plaintiff's employment agreement, Plaintiff's claims are subject to mandatory arbitration. Plaintiff's employment agreement provides that Plaintiff and Defendant "agree to submit exclusively to final and binding arbitration any and all disputes or disagreements relating to or concerning the interpretation, performance or subject matter" of the employment agreement.[9] Plaintiff does not contest the validity of the arbitration agreement or that her claims fall within its scope.

However, Plaintiff argues that under the language of the agreement, Defendant's request to arbitrate is untimely and it has therefore waived its right to arbitration. The agreement provides that, "Arbitration shall be commenced by either party filing a demand for arbitration with the AAA within 60 days after such dispute has arisen and either party notifies the other that they are at an impasse."[10] Plaintiff argues that Defendant had notice that a "dispute ha[d] arisen" when it received a copy of the EEOC complaint and "right to sue" letter on May 4, 2018, but it failed to demand arbitration until

---

[6] *Sherer*, 548 F.3d at 381.
[7] Primerica Life Ins. Co. v. Brown, 304 F.3d 469, 471 (5th Cir. 2002).
[8] Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp., 748 F.3d 249, 262 (5th Cir. 2014).
[9] Doc. 8-3.
[10] Doc. 8-3.

more than 120 days later. Defendant rebuts that no dispute had arisen until the instant lawsuit was filed and therefore its request for arbitration is timely.

The Fifth Circuit has held that a "question of timeliness is generally to be considered one of procedural arbitrability."[11] The parties agree that normally the arbitrator, and not a court, decides whether the parties have complied with an agreement's procedural rules.[12] However, Plaintiff points to one exception to this general rule that a court can in rare situations "deny arbitration only if it could confidently be said not only that a claim was strictly 'procedural,' and therefore within the purview of the court, but also that it should operate to bar arbitration altogether."[13] The Fifth Circuit has interpreted this exception to mean that "a court will not order arbitration if 'no rational mind' could question that the parties intended for a procedural provision to preclude arbitration and that the breach of the procedural requirement was clear."[14] The Supreme Court has counseled that "such cases are likely to be rare indeed."[15] Plaintiff argues that this exception applies here where Defendant's arbitration demand was untimely.

A breach of a procedural requirement here, however, is far from clear. The parties have each raised different interpretations of the timeliness requirement of the arbitration agreement. Accordingly, "there is a legitimate dispute as to . . . compliance with the procedural requirements," and this case therefore "does not fit within the 'rare' group of cases" that the Supreme Court has indicated may have procedural issues addressed by the court.[16] Even the

---

[11] Smith Barney Shearson, Inc. v. Boone, 47 F.3d 750, 753 (5th Cir. 1995).

[12] See id.

[13] John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543, 557–58 (1964).

[14] Oil, Chem. & Atomic Workers' Int'l Union, Local 4-447 v. Chevron Chem. Co., 815 F.2d 338, 342 (5th Cir. 1987) (quoting Rochester Tel. Corp. v. Communication Workers of Am., 340 F.2d 237, 239 (2d Cir. 1965)).

[15] John Wiley & Sons, Inc, 376 U.S. at 558.

[16] Chevron Chem. Co., 815 F.2d at 342.

cases cited by Plaintiff support such a holding.[17] Because there is no dispute that Plaintiff's substantive claims are arbitrable, procedural questions involving the grievance should also be decided by an arbitrator.[18] Accordingly, this matter is stayed pending arbitration.[19]

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel Arbitration is GRANTED. This matter is REFERRED to arbitration, STAYED, and ADMINISTRATIVELY CLOSED.

New Orleans, Louisiana this 11th day of February, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[17] *Id.*; *Rochester Tel. Corp.,* 340 F.2d at 239 (holding that the case did not fall into the rare group because, based on the facts of that case, an arbitrator could find that the procedural requirements of the arbitration agreement had been met); Parsley Dairy Farm v. Cargill Inc., 102 F.3d 551 (5th Cir. 1996) (stating that even when assuming facts most favorable to defendant, its arbitration demand was not timely).

[18] *Chevron Chem. Co.,* 815 F.2d at 342; *John Wiley & Sons, Inc.,* 376 U.S. at 557 ("Once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator.").

[19] 9 U.S.C. § 3.